**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-03415-NYW

IFTIKHOR LUTFULLA UGLI TURAEV,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
DAVID J. VENTURELLA, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD BLANCHE, in his official capacity,
DAREN MARGOLIN, in his official capacity, and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). [Doc. 1]. Respondents have responded to the Petition, [Doc. 15], and Petitioner replied, [Doc. 17]. For the reasons set forth in this Order, the Petition is **GRANTED in part**.

**BACKGROUND**

Petitioner Iftikhor Lutfulla Ugli Turaev ("Petitioner" or "Mr. Turaev") is a citizen of Uzbekistan who has lived in the United States for nearly three years. [Doc. 1 at ¶ 1]. On July 12, 2026, "nearly three years after Petitioner was released into the United States," Mr. Turaev was detained by ICE. [*Id.* at ¶ 2]. He has not been provided a bond hearing. [*Id.* at ¶ 4].

Petitioner assets that, "[o]n information and belief, Respondents treat him as

subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore categorically ineligible for bond." [*Id.*]. He states that this position is foreclosed by the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), and argues that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), *see* [Doc. 1 at ¶¶ 5, 77–82]. He contends that his detention without a bond hearing violates the Immigration and Nationality Act, [*id.* at ¶¶ 75–83], applicable regulations, [*id.* at ¶¶ 84–88], and his due process rights, [*id.* at ¶¶ 89–100].

Respondents dispute none of Petitioner's arguments. They instead state that "[f]or purposes of this specific case, [they] are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 15 at 1]. Respondents "recognize that the Court may then decide to grant the Petition and award appropriate relief" and "submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." [*Id.* at 1–2].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Petitioner's statutory claim turns on whether his detention is governed by § 1226(a), such that he is entitled to a bond hearing. The Court summarizes the statutory framework before turning to Petitioner's arguments.

### I. Statutory Framework

Two statutory provisions govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). The first, 8 U.S.C. § 1226, "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Another provision, 8 U.S.C. § 1225(b), "supplement[s] § 1226's detention

scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

The Tenth Circuit has explained that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz*, 180 F.4th at 1239. "Since § 1225(b)(2)(A) applies only to those seeking admission," the Tenth Circuit has concluded that "§ 1225(b)(2)(A)'s application is limited to the border." *Id.* at 1239–40. Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II. Section 1226(a) Applies to Petitioner

Mr. Turaev argues that his detention is governed by § 1226(a). [Doc. 1 at ¶¶ 77–82]. Respondents do not contest this assertion, *see* [Doc. 15], presumably because the

Tenth Circuit's decision in *Santillan Quiroz* makes clear that § 1226(a) governs the detention of noncitizens, like Mr. Turaev, who were taken into custody years after they entered the United States. In *Santillan Quiroz*, the Tenth Circuit reversed the denial of a similar habeas petition filed by a noncitizen who had resided in the United States for years before he was detained by ICE during a traffic stop. 180 F.4th at 1232–33. The Tenth Circuit reasoned that the *Santillan Quiroz* petitioner and those similarly situated to him, i.e. "those who entered the United States without admission and who have lived here since," "are categorically unable to seek admission while they remain in the country." *Id.* at 1239. After all, "[a] person cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered." *Id.* Thus, the Tenth Circuit concluded that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Id.*; *see also id.* ("Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border."). Because the petitioner in *Santillan Quiroz* had been residing in the United States for years before he was detained, he was not seeking admission and could not be detained under § 1225. *Id.* Instead, the petitioner was subject to detention under § 1226(a). *Id.* at 1251 n.13; *see also id.* at 1237 (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)").

The analysis and holding in *Santillan Quiroz* controls this case. Mr. Turaev had been present in the United States for nearly three years when he was detained. His detention is therefore governed by § 1226(a). And because he has not been provided

the bond hearing required by statute, his continued detention without a bond hearing violates § 1226(a). *See, e.g.*, *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025).

Having determined that § 1226(a) governs Petitioner's detention, the Court also concludes that his detention without a bond hearing violates his due process rights. Because Petitioner is detained under § 1226(a), at a minimum "the process due to him is that which is afforded under Section 1226(a)." *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025), *aff'd*, 175 F.4th 713 (6th Cir. 2026). As explained above, that process is an individualized bond determination. *See, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) (describing the process owed under § 1226 as "an individualized bond hearing before an [immigration judge]"); *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 485 (E.D.N.Y. 2025) ("[Section] 1226(a) requires an individualized bond determination."). The Court thus concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights. *See, e.g.*, *Garcia Cortes*, 2025 WL 2652880, at *4; *Lopez-Campos*, 797 F. Supp. 3d at 784–85.

For the reasons set forth above, the Petition is **GRANTED** with respect to Petitioner's first and third claims. The Court need not address Petitioner's second claim.

## III. Appropriate Remedy

Petitioner asks the Court to order his immediate release. [Doc. 1 26]. In the alternative, he asks the Court to order Respondents to provide him a bond hearing

under § 1226(a) "at which Respondents bear the burden of establishing by clear and convincing evidence that Petitioner's continued detention is justified by dangerousness or risk of flight." [*Id.*]. Respondents "submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents . . . provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." [Doc. 15 at 1–2]. Respondents do not address Petitioner's arguments about the appropriate burden. *See* [*id.*].

The Court finds it appropriate to order a bond hearing, rather than immediate release. Section 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond." *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025); *see also Santillan Quiroz*, 180 F.4th at 1251 n.13 (instructing the district court on remand only to order the Government to provide the petitioner with a bond hearing or else release him). This Court has previously held that a bond hearing before an immigration judge is sufficient to vindicate the procedural protections afforded by § 1226(a). *See, e.g.*, *Loa Caballero*, 2025 WL 2977650, at *9; *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 (D. Colo. Jan. 6, 2026).

Following the weight of authority in this District, the Court has previously required the Government to bear the burden of proof at a § 1226(a) bond hearing where, as here, the petitioner is initially erroneously detained under § 1225. *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2026); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026); *see also, e.g.*, *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159 (D.

Colo. 2026) ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)). *But see De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026) (declining to place burden on the Government in a similar case). The Court also concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well." *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar*, 2026 WL 503313, at *5 (collecting cases).

Accordingly, Respondents are **ORDERED** to provide Petitioner a bond hearing no later than **August 24, 2026**. At the bond hearing, the Government shall bear the burden of justifying Petitioner's detention by clear and convincing evidence. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.** On or before **August 31, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241

[Doc. 1] is **GRANTED in part**;

(2) Respondents shall provide Petitioner a bond hearing no later than **August 24, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

(3) On or before **August 31, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED: August 17, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge